UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **CHRISTOPHER MICHAEL VERZANI**, <br> Defendant. | Case No.  12-cr-00317-YGR-1 <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE AND APPOINT COUNSEL** <br> Re: Dkt. No. 26 |

On October 10, 2014, defendant Christopher Michael Verzani filed a motion to reduce his sentence and for appointment of counsel pursuant to 18 U.S.C. § 3006A regarding the same. (Dkt. No. 26.)[1]

18 U.S.C. § 3582(c)(2) allows for modification of a term of imprisonment where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a defendant's sentence may be reduced where an applicable guideline range has been lowered as a result of an amendment.

The Court ordered the preparation of a Sentence Reduction Investigation Report, a copy of which was sent to defendant. The Court has reviewed the Sentence Reduction Investigation

---

[1] While titled as simply a motion requesting appointment of counsel, the Court broadly construes the *pro se* filing as also seeking a sentencing reduction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"). The Court has carefully reviewed the filing and construes it as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782, with an effective date of November 1, 2014, which reduced the offense level for certain drug trafficking offenses.

Report and the case file, including the original Presentence Investigation Report.  These materials demonstrate that the applicable guideline range at sentencing called for 151-188 months.  Nevertheless, the Court sentenced defendant to the mandatory minimum term under the statute of 120 months.  *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii).  Moreover, even if defendant's offense level was reduced pursuant to Amendment 782, it would still fall within Zone D of the USSG Sentencing Table, requiring the minimum term be satisfied by a sentence of imprisonment.  *See* USSG § 5C1.1(f).  Accordingly, the Court finds that defendant is not eligible for a sentencing reduction pursuant to Amendment 782 as his sentence could not be decreased by virtue of the amendment.  *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (holding defendant not entitled to reduction where sentence was based on the applicable statutory mandatory minimum rather than on a sentencing range that was subsequently lowered).  Therefore, defendant's motion for a sentencing reduction is **DENIED**.

In light of the foregoing, there is no need for an evidentiary hearing regarding resentencing.  Thus, defendant's motion for appointment of counsel is also **DENIED**.  *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding defendant not entitled to appointed counsel in connection with 18 U.S.C. § 3582(c) motion where no evidentiary hearing was required).

This Order terminates Docket Number 26.

**IT IS SO ORDERED.**

Dated: March 18, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**