# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**CHRISTOPHER M. VERZANI,**<br>Defendant. | CASE NO. 12-cr-00317-YGR-1<br><br>**ORDER DENYING MOTION FOR HABEAS CORPUS RELIEF**<br>Re: Dkt. Nos. 29, 31 |

On February 25, 2019, defendant Christopher M. Verzani filed a motion for habeas corpus relief under 28 U.S.C. section 2241. In his motion, defendant requested an order instructing the Bureau of Prisons to apply 70 days good time credit to his sentence, and to release him to a halfway house in accordance with that calculation, pursuant to the First Step Act of 2018. At the time the motion was filed, defendant was a federal inmate at the Federal Correctional Institution in Florence, Colorado, serving a sentence of 120 months for possession with intent to distribute methamphetamine in violation of 21 U.S.C. sections 841(a)(1), (b)(1)(A)(viii). If considered effective upon being signed into law, the First Step Act could have advanced defendant's release date from January 18, 2020 to November 9, 2019, and correspondingly adjusted his halfway house placement date from September 12, 2019 to July 4, 2019.

The government opposed defendant's motion on procedural grounds and on the basis that the First Step Act would not take effect until the Attorney General completed and released a risk and needs assessment system, which it had until July 19, 2019 to do. The motion became ripe on June 11, 2019.

On July 15, 2019, the Ninth Circuit issued its decision in *Bottinelli v. Salazar*, 929 F.3d 1196, 1202 (9th Cir. 2019), holding that the First Time Act's "good time credit amendment did not take immediate effect upon enactment but will become effective with the establishment of the 'risk

and needs assessment system' on July 19, 2019." Thus, setting aside the government's procedural arguments and considering the merits of the motion,[1] defendant's request for application of additional good time credits is **DENIED**.

This Order terminates Docket Numbers 29 and 31.

**IT IS SO ORDERED.**

Dated: April 7, 2020

							_____
							**YVONNE GONZALEZ ROGERS**
							**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Defendant's reply conceded that motions like this one that "challenge the manner, location, or conditions of a sentence's execution" generally must be brought "in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Defendant nevertheless argued that this Court should make an exception and exercise jurisdiction over the motion, or alternatively, transfer the case to the District of Colorado, the custodial court. According to the Federal Bureau of Prisons website, however, defendant was released from custody on January 10, 2020, potentially mooting the motion. Given the circumstances of this case, the Court finds it appropriate to rule on the pending motion.

2